
FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 8:53 am, Sep 28, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| JOHN SEBASTIAN HILL, <br><br> Plaintiff, <br><br> v. <br><br> HILTON HALL; RICKY STONE; ASSISTANT WARDEN NILIUS; SERGEANT CHANDLER; SERGEANT SMITH; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; TOM GRAMIAK; GUY AUGUSTIN; and GREGORY DOZIER, <br><br> Defendants. | CIVIL ACTION NO.: 5:19-cv-11 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the following reasons, I find Plaintiff's deliberate indifference claim against Defendant Augustin shall proceed. However, I **RECOMMEND** the Court **DISMISS** the remainder of Plaintiff's claims for failure to state a claim. If the Court adopts this recommendation, I also **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## PLAINTIFF'S CLAIMS[1]

Plaintiff filed this action with the Court on February 8, 2019. Doc. 1. Plaintiff alleges he was injured in a van accident on December 14, 2017, while correctional officers transported him

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

for court proceedings.  Id. at 8, 11.  Before the transportation began, Plaintiff repeatedly asked Defendants John Doe #1, John Doe #2, John Doe #3, Sergeant Smith, and Sergeant Chandler (collectively the "Correctional Officer Defendants") to buckle his seatbelt, but they left him unbuckled.  Id. at 8–9.  Plaintiff alleges the injuries resulted from an unreported accident on the way from Coffee Correctional Facility ("CCF") to Henry County Jail.  Id. at 8.  Further, following the accident, the Correctional Officer Defendants refused to provide Plaintiff with medical treatment despite his requests.  Id. at 8–11.

On December 21, 2017, Plaintiff returned to CCF.  Id. at 11.  Upon returning, Plaintiff asserts he filed a grievance for his injuries from the van accident, and Defendant Stone denied the grievance.  Doc. 1 at 11–12.  Plaintiff then filed a Health Services Request Form ("HSRF") complaining of neck and back pain from the accident.  Id. at 11–12.  Plaintiff received an x-ray and ibuprofen following his HSRF request.  Id. at 12.  The x-ray revealed that Plaintiff had a compressed spine.  Id.  Later, on January 25, 2018, Plaintiff received an MRI at Coffee Regional Medical Center following additional medical treatment requests.  Id. at 12.  The MRI showed abnormalities in his C5, 6, and 7 vertebrae.  Id.

Plaintiff continued to file HSRFs seeking treatment for neck and back pain.  Id.  At the time of his filing, Plaintiff alleges CCF has not provided him with the necessary treatment for his neck and back injuries.  Id. at 12–13.  Plaintiff ultimately alleges that the lack of seat belt amounts to deliberate indifference to his safety, and refusal to provide medical attention following the accident and continued lack of medical treatment while in CCF custody amount to deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  Plaintiff also sues Defendants for failing to report an accident in violation of Georgia state law.  Id. at 13.  As relief, Plaintiff requests recovery of costs, compensatory and punitive damages for

his injury, an injunction requiring treatment of his injuries, and an injunction prohibiting transfer to another prison.  Id. at 21.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

Plaintiff asserts claims for deliberate indifference in violation of the Eighth Amendment under § 1983, as well as claim for Defendants' failure to report an accident. Doc. 1.

**I.    Plaintiff's Claims Against Defendants in Their Official Capacities**

Plaintiff is suing all Defendants in both their individual and official capacities. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. However, to the extent Plaintiff successfully states a constitutional claim, he may seek injunctive relief against any Defendant in their official capacity. Ex parte Young, 209 U.S. 123, 148–50 (1908). Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II. Plaintiff's Supervisory Claims

Plaintiff brings claims against Defendants Dozier, Hall, Gramiak, Stone, and Nilius in their supervisory capacities.  Doc. 1 at 14–18.  In § 1983 actions, liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Braddy, 133 F.3d at 802.  Rather, in the Eleventh Circuit:

> [t]o state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (citing West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007)).

Plaintiff wishes to hold the above-mentioned Defendants liable based on their supervisory positions in the prison system.  Plaintiff does not allege any of these Defendants had any personal involvement with the alleged violations of Plaintiff's rights.  Further, his allegations they set customs or policies that violated Plaintiff's constitutional rights are unsupported by specific facts or examples.  Though Plaintiff suggests these Defendants either allowed or tacitly authorized the conduct of subordinates via "written and unwritten" policies, customs, and practices, doc. 1 at 14–18, he alleges no facts in support of this allegation.  Therefore, Plaintiff may not hold these Defendants liable for any rights violations allegedly committed by

5

subordinates.  Jones v. Hall, 5:18-cv-46 (S.D. Ga. June 24, 2019), ECF No. 14 at 6–7; Ford v. Perron, No. 5:11-cv-15, 2011 WL 6888541, at *3 (S.D. Ga. Oct. 18, 2011).  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Dozier, Hall, Gramiak, Stone, and Nilius based on supervisory liability.

### III.     Plaintiff's Claims Against the Correctional Officer Defendants

Plaintiff claims the Correctional Officer Defendants did not buckle his seatbelt and did not provide medical treatment following the accident.  Doc. 1 at 10, 13.  Based on these allegations, Plaintiff asserts claims for deliberate indifference to safety and deliberate indifference to medical needs.

#### A.     Failure to Buckle Plaintiff's Seatbelt

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates.  "To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (internal quotations omitted) (quoting Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1319 (11th Cir. 2005)).  "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Id. (quoting Purcell, 400 F.3d at 1319–20).

Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts.  However, "simple

6

negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260–61 (11th Cir. 2004) (quoting Farmer, 511 U.S. at 837). To prove deliberate indifference, the prisoner must show that prison officials "acted with a sufficiently culpable state of mind" regarding the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289–90).

Plaintiff fails to allege sufficient facts to state a claim that the Correctional Officer Defendants disregarded his safety by conduct exceeding gross negligence. Plaintiff does not allege any maliciousness on the part of any Defendant, any intent to injure, any intent to punish, or even any reckless driving. Plaintiff merely alleges that he was left unbuckled, and the transport van was involved in an accident. The Eleventh Circuit Court of Appeals has concluded that transporting inmates in a vehicle, unrestrained by seatbelts, alone, does not rise to the level of a constitutional violation. Smith v. Sec'y, Dept. of Corr., 252 F. App'x 301, 304 (11th Cir. 2007) ("Moreover, we cannot say that riding in a van equipped with the manufacturer's car seats, seat belts, and windows is a necessity, such that riding in a van without these characteristics is a

7

deprivation of the minimal measure of life's necessities or is something that modern society would find intolerable."); c.f., Thompson v. Commonwealth of Virginia, 878 F.3d 89, 101 (4th Cir. 2017) (collecting cases demonstrating failure to utilize seatbelts during prisoner transport, without more, does not constitute an Eighth Amendment violation).  Because a seatbelt is not constitutionally required, the Correctional Officer Defendants failure to buckle Plaintiff's seatbelt alone cannot form the basis for a § 1983 claim.  Thus, the Court should **DISMISS** Plaintiff's claim for deliberate indifference to safety.

### B. Failure to Provide Medical Care Immediately Following the Van Accident

"[D]eliberate indifference to [the] serious medical needs of [a] prisoner constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999).  In order to state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  This showing requires a plaintiff to satisfy an objective and a subjective inquiry.  Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)).  Nonetheless, inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Id.  Rather, "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).  Choosing an easier but less efficacious course of treatment can also demonstrate deliberate indifference.  McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Plaintiff avers that immediately following the accident, John Does #1, #2, and #3, as well as Sergeants Smith and Chandler, refused to provide him with medical care.  Doc. 1 at 10.  Plaintiff's allegations that he was refused treatment immediately following the van accident do not amount to a constitutional violation.  First, Plaintiff does not allege that he was in obvious pain or need of medical care.  In fact, Plaintiff does not allege he was in any pain at all when he arrived at CCF, but instead thought as a best course of action, he should be looked at by a doctor following an accident.  That is, Plaintiff fails to allege an "objectively serious medical need."  Further, while Plaintiff may be correct that providing inmates access to medical services following an accident would be the best practice, Defendants are not liable for mere negligence in not providing such access.  Accordingly, the Court should **DISMISS** all claims against Defendants John Doe #1, John Doe #2, John Doe #3, Sergeant Smith, and Sergeant Chandler.

## IV.   Dismissal of Requests for Preliminary Injunctive Relief

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites."  Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).  If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation."  Newman v. Alabama, 683 F.2d

1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time. At this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims. Moreover, Plaintiff fails to show that injunctive relief is necessary to prevent irreparable injury. This is not to say that Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts before it. Accordingly, the Court should **DENY** Plaintiff's requests for a temporary restraining order or preliminary injunctive relief.

V.   **Plaintiff's State Law Claims Under O.C.G.A. § 40-6-273**

Plaintiff seeks to sue Defendants John Doe #1, John Doe #2, John Doe #3, Sergeant Smith, and Sergeant Chandler for their failure to report an accident in violation of O.C.G.A. § 40-6-273 ("Duty to Make Immediate Reports of Accidents.") However, Plaintiff's citation to a Georgia statute does not state a claim upon which this Court can grant relief. "Federal courts are courts of limited jurisdiction, and they only possess the power authorized by Congress or the

10

Constitution." Stone v. Bank of New York Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015). This Court only has jurisdiction over claims involving a federal question or claims involving parties who are citizens of different states. See 28 U.S.C. §§ 1331 & 1332. The factual allegations in the Complaint do not invoke any federal law that could give the Court jurisdiction over this action, and Plaintiff does not allege that the parties involved are citizens of different states. Instead, Plaintiff's state law claims should be asserted in state court.[2] Consequently, Plaintiff does not cite any basis for this Court to exercise jurisdiction over this case based on alleged violations of Georgia law, and the Court should **DISMISS** this claim.

VI.     **Leave to Appeal** *in Forma Pauperis*

Should the Court adopt my recommendation that Plaintiff's claims against Defendants Dozier, Hall, Gramiak, Stone, Nilius. John Doe #1, John Doe #2, John Doe #3, Smith and Chandler, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to the dismissed claims.[2] Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

---

[2]     This Court expresses no opinion on the ultimate merits of Plaintiff's claims. However, it does not appear that O.C.G.A. § 40-6-273 gives Plaintiff a private cause of action even under state law.

11

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

## CONCLUSION

For the foregoing reasons, I find that Plaintiff's deliberate indifference claim against Defendant Augustin is not frivolous. However, I **RECOMMEND** the Court **DISMISS** the remainder of Plaintiff's Complaint for failure to state a claim. If the Court adopts this recommendation, I also **RECOMMEND** the Court **DENY** Plaintiff leave to appeal in forma pauperis.

The Court instructs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat

legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see <u>Symonette v. V.A. Leasing Corp.</u>, 648 F. App'x 787, 790 (11th Cir. 2016); <u>Mitchell v. United States</u>, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of September, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA